IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:07CR112–HEH |
| | ) | |
| MARIO CHRISTOPHER JONES, | ) | |
| | ) | |
| Petitioner. | ) | |

### <u>MEMORANDUM OPINION</u>
**(Denying 28 U.S.C. § 2255 Motion)**

Petitioner, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner asserted that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1] "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . *Johnson*'s vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, No. 15–6099, --- F.3d ----, 2017 WL 1476145,

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that *involves conduct that presents a serious potential risk of physical injury to another.*"

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

at *2 (4th Cir. Apr. 25, 2017) (citation omitted). Thus, Petitioner's claim lacks merit. Accordingly, the Government's Motion to Dismiss (ECF No. 41) will be granted. The § 2255 Motion (ECF No. 35) will be denied. The action will be dismissed, and the Court will deny a certificate of appealability.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 11, 2017
Richmond, Virginia

2